O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOINT BASE LIMITED | ) | CV 11-03812 RSWL (PLAx) |
| Plaintiff, | ) ) | **ORDER re: Defendant Saehan Bank's Motion for Judgment on the Pleadings Pursuant to FRCP 12(c) [15]** |
| v. | ) ) ) | |
| SAEHAN BANK, | ) ) | |
| Defendant. | ) ) ) | |

On February 28, 2012, Defendant Saehan Bank's ("Defendant") Motion for Judgment on the Pleadings Pursuant to Federal Rule of Civil Procedure 12(c) [15] came on for regular calendar before the Court.  The Court having reviewed all papers submitted pertaining to this Motion and having considered all arguments presented to the Court, **NOW FINDS AND RULES AS FOLLOWS:**

The Court hereby **DENIES** Defendant's Motion for Judgment on the Pleadings.  Under Federal Rule of Civil Procedure 12(c), a dismissal is appropriate when the moving party establishes on the face of the pleadings

1

that there are no issues of material fact and that it is entitled to judgment as a matter of law. <u>Hal Roach Studios v. Richard Feiner and Co.</u>, 896 F.2d 1542, 1550 (9th Cir. 1990). On a Rule 12(c) motion, the court must accept as true all material facts alleged in the complaint and must draw all reasonable inferences in favor of the non-moving party. <u>Fleming v. Pickard</u>, 581 F.3d 922, 925 (9th Cir. 2009).

In its Complaint, Plaintiff Joint Base Limited ("Plaintiff") alleges that it had wire transferred money to a bank account with Defendant belonging to third party, Vision Network International Corporation ("Vision"). Plaintiff further alleges that Vision's principal officer informed Defendant that Vision was acting as Plaintiff's agent and holding the money in trust as part of a commercial transaction. Pertinent here, Plaintiff alleges that Defendant subsequently froze Vision's account on the pretext that Vision owed Defendant a debt from a business loan, and that Defendant, then, took the money from Vision's account.

In the present Motion, Defendant has moved the Court to dismiss Plaintiff's first claim for conversion. Defendant does not argue that Plaintiff has insufficiently pled the elements of conversion. Rather, Defendant argues that it is entitled to a judgment on the pleadings because as a matter of law, a bank, such as Defendant, can never convert funds deposited in the bank. Defendant relies on the

1 principle that title to money passes to a bank as soon
2 as the money is deposited into a bank and that a bank
3 cannot convert its own assets.  <u>Morse v. Crocker Nat'l</u>
4 <u>Bank</u>, 142 Cal. App. 3d 228, 232 (Ct. App. 1983).
5      However, the Court finds that Defendant's argument
6 is without merit.  The Court finds that Plaintiff has
7 pled sufficient facts in its Complaint to support a
8 legally cognizable claim of conversion against
9 Defendant.  In its Motion, Defendant ignores a special
10 exemption to the general rule that a bank cannot
11 convert deposited funds.  This exception occurs when a
12 depositor makes a "special deposit," whereby money is
13 deposited with an accompanying agreement that the money
14 shall be returned or that it shall be paid out for a
15 specific purpose.  <u>Van de Kamp v. Bank of America</u>, 204
16 Cal. App. 3d 819, 858 (Ct. App. 1988).  In a special
17 deposit, the fund is a trust fund and a bank acquires
18 no title to the funds and has no right to use the funds
19 in its banking business.  <u>Id.</u>
20      In the Complaint, Plaintiff alleges that Vision
21 informed Defendant that Vision was holding the money in
22 trust for Plaintiff.  From this allegation, the Court
23 finds that it can reasonably be inferred that Vision
24 and Defendant had an agreement that the funds were to
25 be held in trust for Plaintiff.  As such, the Court
26 finds that there are enough facts in the pleadings to
27 draw the inference that the funds at issue were on
28 special deposit.  The Court finds that this supports

the legal proposition that Defendant did not acquire title to Plaintiff's special deposit funds but had converted the funds.  As such, the Court finds that Defendant is not entitled to judgment as a matter of law because Plaintiff has pled a legally cognizable claim for conversion.

In sum, based on the foregoing reasons, the Court hereby **DENIES** Defendant's Motion for Judgment on the Pleadings Pursuant to Federal Rule of Civil Procedure 12(c).

**IT IS SO ORDERED.**

DATED: March 8, 2012

RONALD S.W. LEW

**HONORABLE RONALD S.W. LEW**

Senior, U.S. District Court Judge

the legal proposition that Defendant did not acquire title to Plaintiff's special deposit funds but had converted the funds.  As such, the Court finds that Defendant is not entitled to judgment as a matter of law because Plaintiff has pled a legally cognizable claim for conversion.

In sum, based on the foregoing reasons, the Court hereby **DENIES** Defendant's Motion for Judgment on the Pleadings Pursuant to Federal Rule of Civil Procedure 12(c).

**IT IS SO ORDERED.**

DATED: March 8, 2012

RONALD S.W. LEW

**HONORABLE RONALD S.W. LEW**

Senior, U.S. District Court Judge